UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IPC INFORMATION SYSTEMS, LLC.,

                              Plaintiff,

- against -

ODYSSEY GROUP, INC., et ano.,

                              Defendants.

**MEMORANDUM OPINION AND ORDER**

**04 Civ. 9822 (SHS) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

This is a copyright infringement action brought by plaintiff IPC Information Systems, LLC ("IPC") against Odyssey Group, Inc. ("Odyssey"). On November 1, 2005, the parties participated in a conference before the Court. The Court ordered IPC to produce a list containing customer name, address, and type of system ("the customer list") to Odyssey by November 8, 2005. *See* Order, dated November 2, 2005 ("the Order"). IPC now requests partial reconsideration, and a stay of the enforcement of the Order pending reconsideration. For the reasons that follow, IPC's request for partial reconsideration is hereby **DENIED**, and a stay on the production of IPC's list is **GRANTED** pending the filing of an appeal before the Honorable Sidney H. Stein.

## II. STANDARD FOR RECONSIDERATION

IPC may move for reconsideration of the Order on the basis of "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1), Federal Rules of Civil Procedure. IPC must outline "the matters or controlling decisions which counsel believes the court has overlooked." Local Rule 6.3. Reconsideration is merited if IPC can "demonstrate that the Court overlooked

controlling decisions or factual matters that were put before it on the underlying motion."
**Shamis v. Ambassador Factors Corp**., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). The matters must "reasonably be expected to alter the conclusion reached by the court." **Davidson v. Scully**, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." **Id**.

### III. DISCUSSION

**A. IPC's Customer List**

IPC asks the Court to reconsider the part of the Order requiring it to produce a customer list. In support of its request for reconsideration, IPC submits to the Court that the customer list is not relevant; disclosure of the list could result in economic harm; and Odyssey never explained what it intends to do with the list. *See* IPC's letter requesting partial reconsideration, dated November 4, 2005 ("IPC's Letter").

The relevance of IPC's customer list was addressed by the Court on August 17, 2005, and was again considered, and reaffirmed on November 1, 2005. On August 17, 2005, the Court ordered IPC to file a sworn declaration supporting its contention that a customer list did not exist. IPC submitted to the Court the August 25, 2005 declaration of Joseph Smolarski ("Smolarski Aff."). IPC represented to the Court that it does not maintain a computer database from which information on customer name, customer address, system type, and agreement type can be found. *See* Smolarski Aff. On November 1, 2005, IPC acknowledged that it could produce a list containing customer name, address, and system type, but not agreement type. Odyssey maintains "that given the circumstances under which it was submitted, the Smolarski Declaration

constitutes perjury." Odyssey's letter in response to IPC's request for reconsideration, dated November 4, 2005 ("Odyssey's Letter"). The Court ordered IPC to produce the customer list by November 8, 2005. *See* Order. The facts underlying the Order remain the same. IPC has produced no new evidence or information that would merit a reversal of the Order.

IPC contends that disclosure of its customer list to Odyssey could result in economic harm, and that "the mere fact that a protective order exists does not justify production of sensitive customer information." IPC's Letter at 1. IPC, however, has failed to substantiated this claim. As IPC acknowledges, the parties signed a protective order on January 26, 2005 ("Protective Order"). The Protective Order expressly contemplates the disclosure of trade secrets, sales, and other commercial information. *See* Protective Order. The Court finds that the Protective Order adequately addresses IPC's concerns.

IPC argues that Odyssey has not disclosed to IPC how it intends to use the customer list. *See* IPC's Letter. IPC's argument is without merit. Odyssey maintains that it is "not incumbent upon [Odyssey] to disclose to IPC how it intends to use the materials it gathers in the course of discovery {since such matters are privileged under the work product doctrine)." Odyssey's Letter at 3. Odyssey states that the customer lists may lead to the discovery of software licensing agreement IPC has been unable to produce. __Id__. Odyssey's use of discovery documents does not merit a reconsideration, or modification of the Order.

IPC requests that the Court stay the enforcement of paragraph three of the Order – directing IPC to produce the customer list by November 8, 2005 – pending the filing of an appeal to Judge Stein. IPC's request for a stay is **GRANTED** until November 21, 2005. The Court will not grant an extension of this stay. Requests for an extension of this stay should be directed to

Judge Stein.

### B. Market Communications, LLC

On September 15, 2005, IPC served a subpoena, and notice of deposition upon Market Communications, LLC ("Market Comm"), a non-party entity. In a letter dated September 28, 2005, and during the conference on November 1, 2005, IPC argued that Odyssey shifted a significant percentage of it operations and employees to Market Comm. *See* IPC's Letter at 2; *see also* Letter from IPC, dated September 28, 2005. IPC has continuously maintained that Odyssey and Market Comm share offices, and staff, and that Market Comm is a "shell" corporation. Market Comm contends that it has never purchased a an IPC system containing IPC software. In light of Market Comm's representations, the Court ordered it to file an affidavit in support of its contentions by November 8, 2005. *See* Order. IPC requests that the Court reconsider this decision. IPC has produced no new evidence or information that would merit a reversal or modification of this portion of the Order. IPC's request is, therefore, **DENIED**.

### IV. CONCLUSION

IPC's arguments are without merit, and do not point to any "controlling decisions or factual matters that were put before [the Court] on the underlying motion" and which the Court overlooked. <u>Shamis</u>, 187 F.R.D. at 151. In light of the foregoing, IPC's request for reconsideration is **DENIED**. IPC's request for a stay of the enforcement of paragraph three of the Order is **GRANTED** until November 21, 2005, pending the filing of an appeal to Judge Stein.

SO ORDERED this 8th day of November 2005
New York, New York

The Honorable Ronald L. Ellis
United States Magistrate Judge

4